IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VELOXIS PHARMACEUTICALS, INC.,   )
   )
       Plaintiff,   )
   )
     v.   )  C.A. No. _____
   )
SUN PHARMACEUTICAL INDUSTRIES LTD. )
and SUN PHARMACEUTICAL INDUSTRIES, )
INC.,   )
   )
       Defendants.   )

## COMPLAINT

Plaintiff Veloxis Pharmaceuticals, Inc. ("Veloxis"), by its undersigned attorneys, for its Complaint against Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries, Inc. (collectively, "Sun" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 215836 ("Defendants' ANDA") to the United States Food and Drug Administration ("FDA"). Defendants' ANDA seeks FDA approval to market and sell 0.75 mg, 1 mg, and 4 mg extended-release tablets of tacrolimus ("Defendants' ANDA Products") prior to the expiration of U.S. Patent Nos. 8,685,998 ("the '998 Patent"); 9,549,918 ("the '918 Patent"); 10,166,190 ("the '190 Patent"); 10,864,199 ("the '199 Patent"); 11,110,081 ("the '081 Patent"); 11,123,331 ("the '331 Patent"); and 11,419,823 ("the '823 Patent").

2. Veloxis owns the patents-in-suit and is the holder of FDA approved New Drug Application ("NDA") No. 206406 for the brand name drug ENVARSUS XR® (tacrolimus). The patents-in-suit generally cover oral dosage forms and methods of use and administration of

tacrolimus, including ENVARSUS XR®. Defendants' ANDA Products are generic versions of ENVARSUS XR®.

## THE PARTIES

3.     Plaintiff Veloxis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2000 Regency Parkway, Suite 500, Cary, NC 27518.

4.     Upon information and belief, Defendant Sun Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400063, Maharashtra, India. Upon information and belief, Sun Pharmaceutical Industries Limited is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products, including for the United States market.

5.     Upon information and belief, Defendant Sun Pharmaceutical Industries, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2 Independence Way, Princeton, New Jersey 08540. Upon information and belief, Sun Pharmaceutical Industries, Inc., is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products, including for the United States market.

6.     Upon information and belief, Sun Pharmaceutical Industries, Inc., is a wholly-owned subsidiary of Sun Pharmaceutical Industries Ltd., and is controlled and/or dominated by Sun Pharmaceutical Industries Ltd. Upon information and belief, Sun Pharmaceutical Industries, Inc., and Sun Pharmaceutical Industries Ltd., are agents of each other and/or operate in concert as integrated parts of the same business group.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.      This Court has personal jurisdiction over Sun Pharmaceutical Industries Ltd., because Sun Pharmaceutical Industries Ltd., itself and/or through its subsidiaries, including, but not limited to Sun Pharmaceutical Industries, Inc., has purposefully availed itself of the benefits and protections of the State of Delaware and, therefore, could reasonably anticipate being sued in this Judicial District. Upon information and belief, Sun Pharmaceutical Industries Ltd., directly or indirectly, manufactures, imports, markets, offers to sell, sells and/or distributes generic drugs throughout the United States, including Delaware, and Delaware would be a destination of Defendants' ANDA Products. Upon information and belief, Sun Pharmaceutical Industries Ltd., prepared and filed ANDA No. 215836 with the FDA. Upon information and belief, Sun Pharmaceutical Industries Ltd., on its own or acting in concert with Sun Pharmaceutical Industries, Inc., or other subsidiaries, will manufacture, import, market, offer to sell, sell and/or distribute Defendants' ANDA Products in the United States, including Delaware, upon approval of ANDA No. 215836, and will derive substantial revenue from the use or consumption of Defendants' ANDA Products in Delaware.

9.      This Court also has personal jurisdiction over Sun Pharmaceutical Industries Ltd., pursuant to Rule 4(k)(2), Fed. R. Civ. P. Sun Pharmaceutical Industries Ltd., is a foreign corporation who has directed actions toward Delaware and purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Sun Pharmaceutical Industries Ltd., regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware,

either on its own or through affiliates. Upon information and belief, Sun Pharmaceutical Industries Ltd., derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business in Delaware.

10.     This Court also has personal jurisdiction over Sun Pharmaceutical Industries Ltd., by virtue of Sun Pharmaceutical Industries Ltd., previously consenting to personal jurisdiction in this Court and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g.,* Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.,* C.A. No. 23-1459 (D. Del. March 8, 2024), D.I. 9; Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.,* C.A. No. 22-296 (D. Del. May 9, 2022), D.I. 11; Answer, Affirmative Defenses and Counterclaims, *Boehringer Ingelheim Pharmaceuticals, et al. v. Sun Pharmaceutical Industries Ltd., et al.,* C.A. No. 21-356 (D. Del. Apr. 5, 2021), D.I. 9; Answer, Affirmative Defenses, and Counterclaims, *Allergan USA, Inc., et al. v. Sun Pharmaceutical Industries Ltd.,* C.A. No. 21-1065 (D. Del. Nov. 10, 2021), D.I. 266 in lead C.A. No. 19-1727).

11.     This Court has personal jurisdiction over Sun Pharmaceutical Industries, Inc., because Sun Pharmaceutical Industries, Inc., itself and/or through its parent Sun Pharmaceutical Industries Ltd., has purposefully availed itself of the benefits and protections of the State of Delaware and, therefore, could reasonably anticipate being sued in this Judicial District. Upon information and belief, Sun Pharmaceutical Industries, Inc., directly or indirectly, manufactures, imports, markets, offers to sell, sells and/or distributes generic drugs throughout the United States, including Delaware, and Delaware would be a destination of Defendants' ANDA Products. Upon information and belief, Sun Pharmaceutical Industries, Inc., on its own or acting in concert with

Sun Pharmaceutical Industries Ltd., prepared and submitted ANDA No. 215836 to the FDA. Upon information and belief, Sun Pharmaceutical Industries, Inc., on its own or acting in concert with Sun Pharmaceutical Industries Ltd., will manufacture, import, market, offer to sell, sell and/or distribute Defendants' ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 215836, and will derive substantial revenue from the use or consumption of Defendants' ANDA Products in Delaware.

12. This Court also has personal jurisdiction over Sun Pharmaceutical Industries Inc., by virtue of Sun Pharmaceutical Industries, Inc., previously consenting to personal jurisdiction in this Court and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g.,* Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.,* C.A. No. 23-1459 (D. Del. March 8, 2024), D.I. 9; Answer, Defenses, and Counterclaims, *Novo Nordisk Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.,* C.A. No. 22-296 (D. Del. May 9, 2022), D.I. 11; Answer, Affirmative Defenses and Counterclaims, *Boehringer Ingelheim Pharmaceuticals, et al. v. Sun Pharmaceutical Industries Ltd., et al.,* C.A. No. 21-356 (D. Del. Apr. 5, 2021), D.I. 9.; Answer, Affirmative Defenses and Counterclaims, *Pfizer, Inc. et al. v. Sun Pharmaceutical Industries Ltd. et al.,* C.A. No. 19-758 (D. Del. July 10, 2019), D.I. 11.

13. This Court also has personal jurisdiction over Defendants because, *inter alia,* they have committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and have sent notice of that infringement to Veloxis, a corporation organized and existing under the laws of the State of Delaware. On information and belief, Defendants intend a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will continue to lead to foreseeable harm and injury to Veloxis in Delaware.

14.     Defendant Sun Pharmaceutical Industries Ltd. is a foreign corporation not residing in the United States. Defendant Sun Pharmaceutical Industries, Inc., is incorporated in the State of Delaware and therefore resides in this Judicial District. Thus, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

### PATENTS-IN-SUIT

15.     On April 1, 2014, the '998 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). Veloxis is the assignee of the '998 Patent. A true copy of the '998 Patent is attached hereto as **Exhibit A**.

16.     On January 24, 2017, the '918 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '918 Patent. A true copy of the '918 Patent is attached hereto as **Exhibit B**.

17.     On January 1, 2019, the '190 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '190 Patent. A true copy of the '190 Patent is attached hereto as **Exhibit C**.

18.     On December 15, 2020, the '199 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '199 Patent. A true copy of the '199 Patent is attached hereto as **Exhibit D**.

19.     On September 7, 2021, the '081 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '081 Patent. A true copy of the '081 Patent is attached hereto as **Exhibit E.**

20.     On September 21, 2021, the '331 Patent, titled "Tacrolimus for Improved Treatment of Transplant Patients," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '331 Patent. A true copy of the '331 Patent is attached hereto as **Exhibit F**.

21.     On August 23, 2022, the '823 Patent, titled "Stabilized Tacrolimus Composition," was duly and lawfully issued by the USPTO. Veloxis is the assignee of the '823 Patent. A true copy of the '823 Patent is attached hereto as **Exhibit G**.

### VELOXIS' ENVARSUS XR®

22.     Veloxis holds approved NDA No. 206406 for extended-release tablets containing the active ingredient tacrolimus. Veloxis markets and sells tacrolimus extended-release tablets under the trade name ENVARSUS XR®.

23.     ENVARSUS XR® is a calcineurin-inhibitor immunosuppressant indicated for: (1) the prophylaxis of organ rejection in de novo kidney transplant patients in combination with other immunosuppressants and (2) the prophylaxis of organ rejection in kidney transplant patients converted from tacrolimus immediate-release formulations in combination with other immunosuppressants. A copy of the complete prescribing information for ENVARSUS XR® is attached hereto as **Exhibit H.**

24.     Pursuant to 21 U.S.C. § 355(b)(1) and related FDA regulations, Veloxis listed the '998, '918, '190, '199, '081, '331, and '823 patents in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to ENVARSUS XR®. The prescribing information for ENVARSUS XR® instructs and encourages physicians, other healthcare workers and patients to administer ENVARSUS XR® tablets according to one or more of the methods claimed in the patents-in-suit.

## ACTS GIVING RISE TO THIS ACTION

25.     By letter dated May 8, 2024 ("May 8 Notice Letter"), Sun notified Veloxis that Sun had submitted ANDA No. 215836 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)). Veloxis received the May 8 Notice Letter no earlier than May 9, 2024.

26.     The May 8 Notice Letter states that Sun seeks approval from the FDA to engage in the commercial manufacture, use, sale, offer to sell, and/or importation in the United States of Defendants' ANDA Products before expiration of the '998, '918, '190, '199, '081, '331, and '823 patents. Upon information and belief, Defendants intend to, directly or indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Products promptly upon receiving FDA approval.

27.     By filing ANDA No. 215836, Defendants have necessarily represented to the FDA that Defendants' ANDA Products have the same active ingredient, the same dosage form, the same route of administration, and the same strengths as ENVARSUS XR®. By submitting ANDA No. 215836, Defendants also have necessarily represented to the FDA that Defendants' ANDA Products are bioequivalent to ENVARSUS XR®. Upon information and belief, Defendants are seeking approval to market and sell their ANDA Products for the same approved indications as ENVARSUS XR®.

28.     In the May 8 Notice Letter, Sun states that Defendants' ANDA contains a Paragraph IV Certification asserting that the claims of the '998 Patent are not infringed. The May 8 Notice Letter does not contest that the claims of the '998 Patent are valid and enforceable.

29. In the May 8 Notice Letter, Sun states that Defendants' ANDA contains a Paragraph IV Certification asserting that the claims of the '918 Patent are not infringed. The May 8 Notice Letter does not contest that the claims of the '918 Patent are valid and enforceable.

30. In the May 8 Notice Letter, Sun states that Defendants' ANDA contains a Paragraph IV Certification asserting that the claims of the '190 Patent are not infringed. The May 8 Notice Letter does not contest that the claims of the '190 Patent are valid and enforceable.

31. In the May 8 Notice Letter, Sun states that Defendants' ANDA contains a Paragraph IV Certification asserting that the claims of the '199 Patent are not infringed. The May 8 Notice Letter does not contest that the claims of the '199 Patent are valid and enforceable.

32. In the May 8 Notice Letter, Sun does not address the '081 Patent, even though it is listed in the Orange Book. The May 8 Notice Letter does not contest that the claims of the '081 Patent are valid, enforceable and will be infringed by the commercial manufacture, use, offer to sell, sale, and/or importation of Defendants' ANDA Products.

33. In the May 8 Notice Letter, Sun states that its ANDA contains a Paragraph IV Certification asserting that the claims of the '331 Patent are not infringed and/or invalid under 35 U.S.C. §§ 103 and 112. The May 8 Notice Letter does not contest that the claims of the '331 Patent are enforceable. The May 8 Notice Letter also does not contest the validity of the claims of the '331 Patent under 35 U.S.C. § 102.

34. In the May 8 Notice Letter, Sun states that its ANDA contains a Paragraph IV Certification asserting that the claims of the '823 Patent are not infringed. The May 8 Notice Letter does not contest that the claims of the '823 Patent are valid and enforceable.

## COUNT I
### INFRINGEMENT OF THE '998 PATENT

35. Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

36. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '998 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

37. Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '998 Patent.

38. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '998 Patent.

39. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA, Defendants will infringe one or more claims of the '998 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States.

40. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will induce infringement of one or more claims of the '998 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendants' ANDA Products, Defendants will intentionally encourage acts of direct infringement with knowledge of the '998 patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '998 Patent.

41.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will contributorily infringe one or more claims of the '998 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Products are especially adapted for a use that infringes one or more claims of the '998 Patent and that there is no substantial non-infringing use for Defendants' ANDA Products.

42.     Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '998 Patent is not enjoined.

43.     Veloxis does not have an adequate remedy at law.

44.     Upon information and belief, Defendants had knowledge of the '998 Patent prior to filing their ANDA with the FDA.

45.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF THE '918 PATENT

46.     Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

47.     Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '918 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

48.     Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '918 Patent.

49.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '918 Patent.

50.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA, Defendants will infringe one or more claims of the '918 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States.

51.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will induce infringement of one or more claims of the '918 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendants' ANDA Products, Defendants will intentionally encourage acts of direct infringement with knowledge of the '918 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '918 Patent.

52.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will contributorily infringe one or more claims of the '918 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Products are especially adapted for a use that infringes one or more claims of the '918 Patent and that there is no substantial non-infringing use for Defendants' ANDA Products.

53. Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '918 Patent is not enjoined.

54. Veloxis does not have an adequate remedy at law.

55. Upon information and belief, Defendants had knowledge of the '918 Patent prior to filing their ANDA with the FDA.

56. This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT III**
**INFRINGEMENT OF THE '190 PATENT**

57. Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

58. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '190 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

59. Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '190 Patent.

60. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '190 Patent.

61. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA, Defendants will infringe one or more claims of the '190 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States.

13

62.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will induce infringement of one or more claims of the '190 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendants' ANDA Products, Defendants will intentionally encourage acts of direct infringement with knowledge of the '190 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '190 Patent.

63.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will contributorily infringe one or more claims of the '190 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Products are especially adapted for a use that infringes one or more claims of the '190 Patent and that there is no substantial non-infringing use for Defendants' ANDA Products.

64.     Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '190 Patent is not enjoined.

65.     Veloxis does not have an adequate remedy at law.

66.     Upon information and belief, Defendants had knowledge of the '190 Patent prior to filing their ANDA with the FDA.

67.     This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

14

## COUNT IV
## INFRINGEMENT OF THE '199 PATENT

68.    Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

69.    Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '199 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 14.

70.    Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 14 of the '199 Patent.

71.    There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '199 Patent.

72.    Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will induce infringement of one or more claims of the '199 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendants' ANDA Products, Defendants will intentionally encourage acts of direct infringement with knowledge of the '199 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '199 Patent.

73.    Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will contributorily infringe one or more claims of the '199 patent under 35 U.S.C. § 271(e) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products

in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Products are especially adapted for a use that infringes one or more claims of the '199 Patent and that there is no substantial non-infringing use for Defendants' ANDA Products.

74.   Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '199 Patent is not enjoined.

75.   Veloxis does not have an adequate remedy at law.

76.   Upon information and belief, Defendants had knowledge of the '199 Patent prior to filing their ANDA with the FDA.

77.   This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT V**
**<u>INFRINGEMENT OF THE '081 PATENT</u>**

78.   Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

79.   Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '081 patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

80.   Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '081 Patent.

16

81. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '081 Patent.

82. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will induce infringement of one or more claims of the '081 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendants' ANDA Products, Defendants will intentionally encourage acts of direct infringement with knowledge of the '081 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '081 Patent.

83. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will contributorily infringe one or more claims of the '081 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Products are especially adapted for a use that infringes one or more claims of the '081 Patent and that there is no substantial non-infringing use for Defendants' ANDA Products.

84. Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '081 Patent is not enjoined.

85. Veloxis does not have an adequate remedy at law.

86. Upon information and belief, Defendants had knowledge of the '081 Patent prior to filing their ANDA with the FDA.

87. This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT VI
## INFRINGEMENT OF THE '331 PATENT

88. Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

89. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '331 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

90. Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '331 Patent.

91. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '331 Patent.

92. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will induce infringement of one or more claims of the '331 Patent under 35 U.S.C. §271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products in the United States. Upon information and belief, upon FDA approval of Defendants' ANDA Products, Defendants will intentionally encourage acts of direct infringement with knowledge of the '331 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '331 Patent.

93. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Products, Defendants will contributorily infringe one or more claims of the '331 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Products

18

in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Products are especially adapted for a use that infringes one or more claims of the '331 Patent and that there is no substantial non-infringing use for Defendants' ANDA Products.

94. Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '331 Patent is not enjoined.

95. Veloxis does not have an adequate remedy at law.

96. Upon information and belief, Defendants had knowledge of the '331 Patent prior to filing their ANDA with the FDA.

97. This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT VII**
**INFRINGEMENT OF THE '823 PATENT**

98. Veloxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

99. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Products, prior to the expiration of the '823 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

100. Upon information and belief, Defendants' ANDA Products and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '823 Patent.

19

101.    There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '823 Patent.

102.    Veloxis will be substantially and irreparably damaged and harmed if Defendants' infringement of the '823 Patent is not enjoined.

103.    Veloxis does not have an adequate remedy at law.

104.    The application that led to the '823 patent was published on September 19, 2019 as Patent Application Publication No. US 2019/0282504 A1 and claims priority to, *inter alia*, the '998, '918, and '190 patents. Upon information and belief, Defendants had knowledge of the application that led to the '823 Patent prior to filing their ANDA with the FDA.

105.    This case is an exceptional one, and Veloxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Veloxis respectfully requests the following relief:

A.    An entry of Judgment that Defendants have infringed the patents-in-suit through the submission of ANDA No. 215836 to the FDA;

B.    An entry of Judgment that, Defendants have infringed, and that Defendants' making, using, selling, offering to sell, or importing Defendants' ANDA Products will infringe one or more claims of the patents-in-suit;

C.    The issuance of an order that the effective date of any FDA approval of Defendants' ANDA Products shall be no earlier than the expiration date of the patents-in-suit and any additional periods of exclusivity to which Veloxis is or becomes entitled;

D.    An entry of a preliminary and permanent injunction enjoining Defendants and others acting in concert with Defendants from commercially manufacturing, using, selling,

offering for sale, and/or importing Defendants' ANDA Products within the United States, until after the expiration date of the patents-in-suit and any additional periods of exclusivity to which Veloxis is or becomes entitled;

E.      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any compositions or methods claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Veloxis is or becomes entitled;

F.      A Declaration that the commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of Defendants' ANDA Products will directly infringe, induce, and/or contribute to infringement of the patents-in-suit;

G.      To the extent that Defendants have committed any acts with respect to the compositions or methods claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Veloxis be awarded damages for such acts;

H.      If Defendants engage in the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Defendants' ANDA Products prior to the expiration of the patents-in-suit, a Judgment awarding damages to Veloxis resulting from such infringement, together with interest;

I.      An award to Veloxis of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

J.      An award to Veloxis of costs and expenses in this action; and

21

K.     An award to Veloxis of any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

OF COUNSEL:

Andrew M. Berdon
James E. Baker
Brian J. Forsatz, Ph.D
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849 7000

Attorneys for Plaintiff Veloxis
Pharmaceuticals, Inc.

June 19, 2024

22